IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01436-GPG

AARON SANDUSKY,

       Applicant,

v.

GOETZ, Warden,

       Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

Babcock, J.

       Applicant, Aaron Sandusky, is in the custody of the federal Bureau of Prisons

(BOP) at the Federal Prison Camp in Florence, Colorado.  He initiated this action on

June 8, 2018, by filing *pro se* a "Petition for Writ of Habeas Corpus 2241."  (ECF No. 1).

Pursuant to an Order Directing Applicant to Cure Deficiencies (ECF No. 3), Mr.

Sandusky paid the $5.00 filing fee on July 16, 2018 (ECF No. 4), and filed an

[Amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on

the court-approved form on August 9, 2018.  (ECF No. 7)

**I. Background and Procedural History**

       In 2012, Mr. Sandusky was convicted by a jury in the United States District Court

for the Central District of California of conspiracy to manufacture and possession with

the intent to distribute more than 1,000 marijuana plants, and possession with the intent

to distribute at least 50 kilograms of a mixture or substance containing a detectable

amount of marijuana.  (ECF No. 7 at 3).  The convictions were based on Applicant's

1

activities as the president of a California-based Medical Marijuana Cooperative. (*Id.*).

Applicant was sentenced to a 120-month prison term. *See United States v. Sandusky*,

No. 13-50025, 564 F. App'x 282 (9th Cir. March 17, 2014). His convictions and

sentence were affirmed on direct appeal. *See id.* The United States Supreme Court

denied Applicant's petition for certiorari review in 2016. *See Sandusky v. United States,*

137 S.Ct. 604 (Dec. 12, 2016). Mr. Sandusky thereafter filed a motion to vacate, set

aside or correct sentence pursuant to 28 U.S.C. § 2255, which was denied. *See*

*Sandusky v. United States*, No. 15-4352-PA (Criminal Action No. 12-cr-548-PA), 2015

WL 12724077 (C.D. Ca. Nov. 2, 2015). In the § 2255 motion, Applicant asserted the

following claim for relief:

> Petitioner's continued incarceration violates § 538 of the Consolidated and
> Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538,
> 128 Stat. 2130, 2217 (2014), which provides that no "funds made
> available ... to the Department of Justice may be used, with respect to the
> [State] of ... California ... to prevent [California] from implementing [its] own
> State laws that authorize the use, distribution, possession, or cultivation of
> medical marijuana" because his continued incarceration has a chilling
> effect on the operation of marijuana dispensaries in California; . . . .

*Id.* at *2. The sentencing court rejected this claim as being outside the scope of § 2255,

stating: "Nothing about Petitioner's § 538 challenge implicates the Court's jurisdiction to

impose the sentence or plausibly supports an inference that the sentence was imposed

in violation of the Constitution or laws of the United States, or exceeded the maximum

authorized by law. *Id.* at *6. The district court further held that the claim failed on its

merits, reasoning that "Petitioner's continued incarceration simply does not violate § 538

because it is not an expenditure of funds by the Department of Justice that prevents

California from implementing laws authorizing the use, distribution, possession, or

cultivation of medical marijuana." *Id.* Applicant did not seek a certificate of appealability from the Ninth Circuit Court of Appeals. (ECF No. 7 at 5).

Mr. Sandusky filed a § 2241 action in this Court on June 8, 2018. In the [Amended] Application, he claims that the BOP's expenditure of funds to incarcerate him "violates § 538 of the Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235 and its successor, § 542 of the Consolidated Appropriations Act, Pub. L. No. 115-31." (ECF No. 7 at 3). For relief, Applicant requests an evidentiary hearing to determine whether his actions were wholly compliant with California state medical marijuana laws at the time he was charged and convicted of the federal crimes; and, if the court so finds, a determination that the BOP's continuing expenditure of funds to incarcerate him is unlawful and requires his immediate release. (*Id.* at 7, 12).

On August 20, 2018, Magistrate Judge Gordon P. Gallagher ordered the Respondent to file a preliminary response to the [Amended] Application addressing any jurisdictional issues and procedural defenses. (ECF No. 8). After obtaining an extension of time, Respondent filed a preliminary response on October 9, 2018. (ECF No. 15). Applicant filed a reply on October 17, 2018 (ECF No. 16; *see also* supplemental reply, ECF No. 17).

## II. Statutory Jurisdiction

Mr. Sandusky brings his claims under 28 U.S.C. § 2241. The statute provides that "the writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence

rather than its validity and must be filed in the district where the prisoner is confined."

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

By contrast, a prisoner's claim arises under 28 U.S.C. § 2255 if it is based on the following grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw*, 86 F.3d at 166 (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).

A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Rather, "the so-called "savings clause" contained in § 2255(e), . . . permits a federal prisoner to proceed under § 2241 [only] when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Abernathy v. Wands,* 713 F.3d 538 (10th Cir. 2013)). *See also Prost v. Anderson*, 636 F.3d 578, 583-84 (10th Cir. 2011). The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). It is the petitioner's burden to show that he meets § 2255(e)'s savings clause. *Prost*, 636 F.3d at 584. "'The exclusive remedy for testing the validity of a judgment and

sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C.

§ 2255.'" *Bradshaw*, 86 F.3d at 166 (quoting *Johnson*, 347 F.2d at 365).

## III. Analysis

### A. The Consolidated Appropriations Act Rider

In December 2014, Congress enacted the Rohrabacher-Farr Amendment to an

omnibus appropriations bill that funded the government through September 30, 2015.

The Amendment stated:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of . . . California . . . to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

*See* Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113–

235, § 538, 128 Stat. 2130, 2217 (2014). Congress enacted an essentially identical

appropriations act rider for the following four fiscal years. *See, e.g.,* Consolidated

Appropriations Act, 2018, Pub. L. No. 115-141, § 538, 132 Stat. 348, 444-45 (2018).

*See also United States v. Kleinman*, 859 F.3d 825 (9th Cir. 2017), *as amended* 880 F.3d

1020, 1027 (9th Cir. 2018), *cert. denied* (Oct. 1, 2018) (discussing the history of the

riders and referring to them collectively as "§ 542" based on the 2016 Appropriations

Act); *United States v. Carrillo*, No. 02:12-cr-00185-TLN, 2018 WL 4638418 at *2 (E.D.

Ca. Sept. 26, 2018). The terms of the appropriations rider were extended to December

7, 2018. *See* Continuing Appropriations Act, 2019, P.L. No. 115-245, §§ 101, 105(3),

132 Stat. 2981 (Sept. 28, 2018). A Congressional joint resolution further extends the

terms to December 21, 2018. *See* H.R. J. Res. 143, 115th Cong. (Dec. 6, 2018).

There is a dearth of case law on the scope and effect of the Appropriations Act rider. The Court's independent research reveals that no federal court has decided the issue presented in the [Amended] Application.

The Tenth Circuit Court of Appeals has addressed the appropriations rider on one occasion. In *Green Solution Retail, Inc. v. United States*, 855 F.3d 1111 (10th Cir. 2017), the Tenth Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction a marijuana dispensary's action to enjoin the Internal Revenue Service (IRS) from investigating its business records. The Tenth Circuit observed that although Congress had "defund[ed] the Justice Department's prosecution of the exchange of medical marijuana where it is legal under state law," the appropriations rider had no effect on the activities of the IRS. *Id.* at 1114.

Applicant relies on Ninth Circuit case law to support his claim for relief. (ECF No. 7 at 6-7). In *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016), the Ninth Circuit interpreted the appropriations rider to "prohibit[] the DOJ [Department of Justice] from spending funds from relevant appropriations for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws." *Id.* at 1177.[1] The Ninth Circuit observed that "if DOJ were spending money in violation of [the appropriations rider], it would be drawing funds from the Treasury without authorization by statute and thus violating the Appropriations

---

[1] The Ninth Circuit recognized that the appropriations rider "does not provide immunity from prosecution for federal marijuana offenses," and, because the provision did not purport to repeal the Controlled Substances Act, even state-legal marijuana activity remains prohibited by federal law. *McIntosh*, 833 F.3d at 1179 & n.5. Therefore, the government continues to possess the power to prosecute "[i]ndividuals who do not strictly comply with all state-law conditions," and "prosecuting such individuals does not violate [the spending provision]." *Id.* at 1178.

Clause."[2]  *Id.* at 1175.  Therefore "federal criminal defendants may seek to enjoin the expenditure of those funds [.]"  *Id.* at 1173.  The Ninth Circuit remanded the case for an evidentiary hearing to determine whether the defendants' conduct was in strict compliance with state law.  *Id.* at 1179.

Subsequently, in *United States v. Kleinman*, the Ninth Circuit concluded that while the appropriations rider does not require a court to vacate a conviction obtained before the rider took effect, the rider "might operate to bar the DOJ from continuing to defend this prosecution on appeal insofar as it relates to those counts that may be determined to involve only conduct that wholly complies with California medical marijuana law."  880 F.3d at 1028.[3]  *See also United States v. Lynch*, 903 F.3d 1061, 1086-87 (9th Cir. 2018) (remanding case for a factual determination as to whether the appellant's activities were wholly compliant with California medical marijuana laws, and, if so, to fashion an appropriate legal remedy).

*Kleinman* and *McIntosh* addressed the applicability of the Appropriations Act rider to criminal prosecutions that were not yet final.   As such, they do not inform the Court's analysis of the jurisdictional issue presented by the [Amended] Application.

 In *Davies v. Benov*, 856 F.3d 1243 (9th Cir. 2017), the petitioner argued, in the context of a § 2241 proceeding, that the appropriations rider prohibited the BOP from using federal funds to incarcerate him.  *Id.* at 1245.  The Ninth Circuit did not reach the merits of the claim, which the Court determined was barred by a collateral-attack waiver

---

[2] The Appropriations Clause provides that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law[.]" U.S. Const. art. I, § 9, cl. 7.

[3] Because the appellant had not fully complied with state law, the Ninth Circuit did not reach the appellant's additional argument that his BOP custody violated the appropriations rider.  *See Kleinman*, 880 F.3d at 1030 n. 2.

provision in the plea agreement. *Id.* at 1247. Moreover, the Ninth Circuit did not

specifically address whether the claim was properly asserted in a § 2241 petition. *See*

*id.* at 1246 ("The sole question presented here is whether the plea agreement's waiver

provision clearly bars Davies from bringing his § 2241 petition, which challenges his

continued incarceration based on the appropriations rider.").

Two federal district courts in California have grappled directly with the

jurisdictional issue and reached different results. *Compare Scarmazzo v. Langford,* No.

2:17-cv-06356-CJC-SK, Doc. No. 6 (C.D. Cal. Aug. 31, 2017) (petitioner's claim that his

continued incarceration is unlawful in light of the appropriations rider is not a "challenge

[to] the manner, location, or conditions of his sentence" but rather "seeks to contest the

legality of his sentence," and therefore "falls under § 2255, not § 2241"), *with*

*Scarmazzo v. Langford,* No. 1:17-cv-01188-LJO-EPG (HC), 2017 WL 5526355, at *2

(E.D. Cal. Nov. 17, 2017) (disagreeing with the Central District of California that the

petition asserted claims arising under § 2255, and instead concluding that "the

amended petition challenges the execution of Petitioner's sentence and is properly

brought under 28 U.S.C. § 2241").

### B. Analysis of Jurisdictional Issue

Mr. Sandusky asserts that the conduct for which he was convicted and

sentenced was wholly compliant with California's medical marijuana laws. (ECF No. 16

at 2). He claims that he is entitled to an evidentiary hearing to establish such

compliance, and, thereafter, to immediate release from BOP custody if he is successful.

Applicant contends that he is not challenging the validity of his convictions or sentence,

but rather the BOP's execution of that sentence—i.e., using federal funds to incarcerate him, in contravention of the Appropriations Act rider.

Respondent argues that Applicant's claims must be raised in the sentencing court in a § 2255 motion because the ultimate relief Mr. Sandusky seeks would invalidate that portion of his criminal judgment imposing a sentence of imprisonment, a sentence which requires his detention by the BOP. *See* 18 U.S.C. § 3621(a).[4]  (ECF No. 15 at 8).  Respondent emphasizes that rather than challenging the manner in which his sentence is being executed, Mr. Sandusky claims that his sentence cannot be executed at all. *Cf. Prost*, 636 F.3d at 581 ("2241 petitions, brought in the district where the prisoner is confined, are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement.") (emphasis in original).

The essence of Applicant's claim is that he should not have been convicted and sentenced for his conduct in the first place.[5]  Mr. Sandusky challenges the "fact" of his current BOP custody, which cannot be untethered from the federal conviction and sentence that placed him in prison.  The Court finds that Applicant's claim implicates the legality of his sentence of imprisonment and must be asserted in the sentencing court, unless he establishes that his remedy under § 2255 is inadequate or ineffective pursuant to the "savings clause" of § 2255(e).  *See Prost*, 636 F.3d at 581.

Mr. Sandusky raised his claim in the sentencing court in a § 2255 motion, before the Ninth Circuit decided *McIntosh* and *Kleinman*.  The sentencing court determined

---

[4] 18 U.S.C. § 3621(a) provides: "A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed . . . ."

[5] As Respondent observes, the evidentiary hearing Applicant requests to establish his compliance with California marijuana laws at the time he was charged with federal crimes requires the presentation of evidence and witnesses that are available in the Central District of California, not the District of Colorado.

that § 2255 was not the proper vehicle for his claim, and, alternatively, that the claim lacked merit. *Sandusky*, 2015 WL 12724077, at *6. However, the remedy under § 2255 is not inadequate or ineffective simply because the sentencing court has already denied relief. *See Bradshaw*, 86 F.3d at 166 (citing *Williams*, 323 F.2d at 673). Further, the fact that the Ninth Circuit issued decisions interpreting the appropriations rider after the sentencing court denied Applicant's initial § 2255 petition does not render the § 2255 remedy itself "inadequate or ineffective" so as to allow Applicant recourse to a § 2241 petition under the savings clause. *Prost,* 636 F.3d at 580-81, 584-88.

Because Applicant has failed to demonstrate that the remedy under § 2255 is inadequate or ineffective, the [Amended] Application will be dismissed for lack of statutory jurisdiction.

## III. Orders

For the reasons discussed above, it is

ORDERED that the [Amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7), filed by Aaron Sandusky, is DENIED, and this action is DISMISSED WITHOUT PREJUDICE for lack of statutory jurisdiction. It is

FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Sandusky files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED December 11, 2018, at Denver, Colorado.

BY THE COURT:

_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court