**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 18-cv-01436-DDD

AARON SANDUSKY,

   Applicant,

v.

JUAN HERRERA, Residential Reentry Manager,

   Respondent.

---

**ORDER DISMISSING APPLICATION
FOR A WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Aaron Sandusky *pro se* on August 9, 2018. (Doc. 7). Having considered the Response to the Amended Application (Doc. 29), Mr. Sandusky's Reply (Doc. 36), and the Respondent's Surreply (Doc. 40), the Court dismisses the Amended Application as moot.

## BACKGROUND

In 2012, Mr. Sandusky was convicted in the United States District Court for the Central District of California of two counts of violating the Controlled Substances Act: (1) conspiracy to manufacture and to possess with the intent to distribute more than 1,000 marijuana plants; and, (2) possession with the intent to distribute at least 50 kilograms of a mixture or substance containing a detectable amount of marijuana. (Doc. 7, at pp. 3-4). The convictions were based on Mr. Sandusky's activities as the president of a California-based Medical Marijuana Cooperative. (*Id.*). The court sentenced Mr. Sandusky to a 10-year prison

1

term, to be followed by a five-year term of supervised release. (*Id.*, at p, 4; Doc. 36, at p. 5). Mr. Sandusky was then remanded to the custody of the Bureau of Prisons (BOP).[1] The convictions were affirmed on direct appeal in *United States v. Sandusky*, No. 13-50025, 564 F. App'x 282 (9th Cir. March 17, 2014).

When Mr. Sandusky initiated this action in June 2018, he was incarcerated at the Federal Prison Camp in Florence, Colorado. In the Amended Application, Mr. Sandusky claims that the BOP's expenditure of funds to incarcerate him "violates § 538 of the Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235 and its successor, § 542 of the Consolidated Appropriations Act, Pub. L. No. 115-31." (Doc. 7, at p. 3). For relief, Mr. Sandusky requests an evidentiary hearing to establish that his actions were wholly compliant with California state medical marijuana laws at the time he was charged and convicted of the federal drug offense. (*Id.*, at pp. 7, 12). Mr. Sandusky asserts that once his compliance is established, he is entitled to immediate release from prison. (*Id.*).

On December 22, 2018, during the initial review proceeding, Judge Babcock issued a Memorandum Opinion and Order dismissing this action for lack of statutory jurisdiction. (Doc. 18). Judge Babcock determined that "[t]he essence of Applicant's claim is that he should not have been convicted and sentenced for his conduct in the first place" and, therefore, the claim "implicates the legality of his sentence of imprisonment and must be asserted in the sentencing court" pursuant to 28 U.S.C. § 2255.[2] (*Id.*, at p. 9). On appeal, the Court of Appeals for

---

[1] *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, . . . .").

[2] Judge Babcock concluded that Mr. Sandusky could not raise the claim in a § 2241 proceeding pursuant to the saving clause of § 2255(e)

the Tenth Circuit issued a published opinion reversing Judge Babcock's decision and remanding the case for further proceedings. *See Sandusky v. Goetz*, 944 F.3d 1240 (10th Cir. Dec. 16, 2019). The Tenth Circuit determined that 28 U.S.C. § 2241 is the proper statutory vehicle for Mr. Sandusky's claims because he is challenging the execution of his sentence, not the validity of his convictions or sentence. *Id.* at 1247.[3]

After the Tenth Circuit issued the mandate on February 7, 2020 (Doc. 27), the action was reinstated in this Court (Doc. No. 28) and was reassigned to the undersigned (Doc. 34).

While Mr. Sandusky's appeal was pending in the Tenth Circuit, he was transferred to the Long Beach RRM, a residential re-entry facility in California, so that he could complete treatment under the Residential

---

because he failed to demonstrate that his remedy under § 2255 was inadequate or ineffective. (*Id.*, at pp. 9–10).

[3] The Court notes that before Mr. Sandusky filed a § 2241 action in this Court, he sought relief in the sentencing court pursuant to § 2255. *See Sandusky v. United States*, No. 15-4352-PA (Criminal Action No. 12-cr-548-PA), 2015 WL 12724077 at *2 (C.D. Ca. Nov. 2, 2015). The sentencing court rejected Mr. Sandusky's claim as being outside the scope of § 2255, stating: "Nothing about Petitioner's § 538 challenge implicates the Court's jurisdiction to impose the sentence or plausibly supports an inference that the sentence was imposed in violation of the Constitution or laws of the United States, or exceeded the maximum authorized by law. *Id.* at *6. The district court further concluded, in the alternative, that the claim failed on its merits, reasoning that "Petitioner's continued incarceration simply does not violate § 538 because it is not an expenditure of funds by the Department of Justice that prevents California from implementing laws authorizing the use, distribution, possession, or cultivation of medical marijuana." *Id.*

In *Sandusky v. Goetz*, the Tenth Circuit determined that the sentencing court's decision did not preclude Mr. Sandusky from asserting a similar claim for relief in this Court pursuant to § 2241 "because the sentencing court lacked jurisdiction to consider the merits of the claim. And, in any event, the claim asserted by Sandusky in his § 2241 petition is based on a different appropriations rider than the one cited in his § 2255 motion." 944 F.3d at 1247.

Drug Abuse Program prior to his projected release date of March 12, 2020. (Doc. 26, at p. 2).

Mr. Sandusky completed his federal term of imprisonment and was released from BOP custody on March 12, 2020. (Declaration of Juan Herrera,[4] Doc. 31-1, at ¶ 8). Mr. Sandusky is currently serving a five-year term of supervised release under the supervision of the United States Probation Office. (Doc. 31-1, Herrera Decl., at ¶ 9; *see also* Doc. 36, Affidavit of Aaron Sandusky, ¶¶ 2-4, and attached Judgment and Probation/Commitment Order).

Respondent argues that the Amended Application should be dismissed as moot because Mr. Sandusky completed his federal sentence and has been released from BOP custody. (Doc. 31).

## DISCUSSION

### I. The Appropriations Rider

The medical and recreational use of marijuana has been legalized in numerous states, but marijuana is still classified as a federal "'controlled substance' under schedule I of the" Controlled Substances Act. *See Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1113 (10th Cir. 2017). *See also* 21 U.S.C. § 841(a)(1) (making it unlawful to knowingly or intentionally "manufacture, distribute, or dispense . . . a controlled substance."). "Although still illegal federally, the Justice Department has declined to enforce § 841 when a person or company buys or sells marijuana in accordance with state law." *See Green Sol. Retail, Inc.* 855 F.3d at 1114. In December 2014, Congress "reinforced this arrangement," *see id.*, by enacting the following rider in an Omnibus bill that funded the government through September 30, 2015:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the

---

[4] Mr. Herrera is the Residential Reentry Manager at the BOP's Long Beach RRM in Terminal Island, California. (ECF No. 31-1 at ¶ 1).

> States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (2014). "Various short-term measures extended the appropriations and the rider through December 22, 2015." *United States v. McIntosh*, 833 F.3d 1163, 1169 (9th Cir. 2016). The appropriations rider has been included in substantially similar form in subsequent congressional appropriations, *see Sandusky*, 944 F.3d at 1243, including the appropriations bill funding the government through September 30, 2020, Consolidated Appropriations Act of 2020, Pub. L. No. 116-93, § 531, 133 Stat. 2317 (2019).

## II. Governing Law

### A. Habeas Corpus

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the applicant "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. §2241(c)(1) (stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody.").

### B. Mootness

Article III of the Constitution limits the judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472,

477 (1990). At all stages of the case, the parties must have a "personal stake in the outcome' of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477–78). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477 (internal quotation marks omitted). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer*, 523 U.S. at 7). *See also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (concluding that habeas petition was moot where the petitioner no longer suffered an actual injury that could be redressed by a favorable judicial decision). If an event occurs during the pendency of an action that "makes it impossible for the court to grant 'any effectual relief whatever,' the case must be dismissed. *Church of Scientology of California v. United States*, 506 U.S. 9, 11 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

The mootness doctrine does not apply if: 1) secondary or collateral injuries survive after resolution of the primary injury; 2) the issue is deemed a wrong capable of repetition yet evading review; 3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or 4) it is a properly certified class action suit). *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (internal quotation marks and citation omitted).

### III. Mr. Sandusky's Petition

In the Amended Application, Mr. Sandusky claims that the appropriations rider prohibits the BOP, a component of the Department of Justice, from expending funds on his "continued incarceration." (Doc. 7, at p.3). Mr. Sandusky maintains that he is entitled to "immediate release" if he establishes at an evidentiary hearing that the conduct for

which he was convicted was "wholly compliant" with California medical marijuana laws.[5] (Doc. 7, at pp. 7, 12).

Mr. Sandusky's release from prison and from BOP custody moots his claim that the Department of Justice is expending funds to incarcerate him in violation of the appropriations rider. *See Riley*, at 310 F.3d at 1257 (holding that a habeas petition filed by non-criminal alien challenging his continued INS detention pending removal from the United States was rendered moot by his supervised release from detention); *Rhodes*, 676 F.3d at 935 (dismissing as moot an appeal from the denial of a § 2241 habeas petition challenging the petitioner's sentence computation because the petitioner had been released from custody); *Walker v. United States*, 680 F.3d 1205, 1206 (10th Cir. 2012) (same).

Mr. Sandusky maintains that his claim is not moot because he remains "in custody" while serving a five-year term of supervised release. (Doc. 36, at 1). He further contends that the expenditure of funds by the Probation Office to supervise him also violates the appropriations rider. (*Id.* at 2). Both arguments lack merit.

---

[5] Mr. Sandusky requests an evidentiary hearing based on the Ninth Circuit's decision in *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016). At issue in *McIntosh* was "whether criminal defendants may avoid prosecution for various federal marijuana offenses on the basis of a congressional appropriations rider that prohibits the . . . Department of Justice from spending funds to prevent states' implementation of their own medical marijuana laws." *Id.* at 1168. The Ninth Circuit concluded that "at a minimum, § 542 prohibits DOJ from spending funds from relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws." *Id.* at 1177. The Ninth Circuit remanded the case for an evidentiary hearing "to determine whether . . . [the appellants] strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana." *Id.* at 1179.

A petitioner must be "in custody" at the time he files a petition for habeas corpus relief under § 2241. *See* 28 U.S.C. § 2241(c)(3). A petitioner's release from custody during the pendency of the action does not affect the district court's statutory jurisdiction. *See Oyler v. Allenbrand,* 23 F.3d 292, 294 (10th Cir. 1994) (internal citation omitted). The Court recognizes that Mr. Sandusky satisfies the statutory "in custody" requirement. However, because Mr. Sandusky completed his federal prison sentence and was released from prison, "a separate and distinct jurisdictional question arises involving the issue of mootness." *Id.*

Mr. Sandusky seeks federal habeas corpus relief pursuant to an appropriations rider that circumscribes the use of funds Congress appropriated to the Department of Justice. Although the Department of Justice, through the BOP, arguably used funds to incarcerate Mr. Sandusky during his term of imprisonment, Mr. Sandusky's current term of supervised release is supervised by the U.S. Probation Office. (*See* Doc. 36, at pp. 5–7); *see also* 18 U.S.C. § 3601 (a person convicted of federal crimes who is placed on supervised release pursuant to 18 U.S.C. § 3583 "shall, during the term imposed, be supervised by a probation officer to the degree warranted by the conditions specified by the sentencing court."). Contrary to Mr. Sandusky's assertion, the Probation Office is not "a component of the Department of Justice" (Doc. 36, at p. 2). The Probation Office, or more formally, the "Administrative Office of the United States Courts, Probation and Pretrial Services," is rather an "arm of the court." *United States v. Davis,* 151 F.3d 1304, 1306 (10th Cir. 1998) (internal quotations marks and citations omitted).[6]

---

[6]   The Probation Office is funded by Congressional appropriations for the Judiciary, not the Department of Justice. *See* The Judiciary Fiscal Year 2020 Congressional Budget Summary, p.3, at https://www.uscourts.gov/sites/default/files/fy_2020_congressional_budget_summary_0.pdf.

The appropriations rider, by its plain language, does not apply to the federal courts. *See United States v. Nixon*, 839 F3d 885, 886–87 (9th Cir. 2016) (holding that the appropriations rider did not impact the ability of a federal district court to restrict the use of medical marijuana as condition of probation). Therefore, the expenditure of funds by the Probation Office in connection with Mr. Sandusky's term of supervised release does not violate the appropriations rider.

To avoid dismissal of his claim as moot, Mr. Sandusky "must demonstrate that serious collateral consequences of his incarceration exist—*i.e.*, that there is '"some concrete and continuing injury."'[7] *Holley v. Andraschko*, Nos. 02-3372, 02-3374, 80 F. App'x 614, 615 (10th Cir. 2003) (unpublished) (quoting *Spencer*, 523 U.S. at 7)). Mr. Sandusky's five-year period of supervised release is not a collateral consequence attributable to his BOP custody; instead, it is a collateral consequence of his convictions in the Central District of California. *See Rhodes,* 676 F.3d at 933. However, even if supervised release could be reasonably construed as a collateral consequence of Mr. Sandusky's term of imprisonment, it is not a "redressable collateral consequence," *see Rhodes,* 676 F.3d at 933, because only the sentencing court can modify a term of supervised release. *See id.* In addition, it is "entirely speculative" whether a declaration from this Court stating that the BOP improperly used appropriated funds to incarcerate Mr. Sandusky will aid him in any future proceeding he may file in the sentencing court. *See id.* at 935 (citing *United States v. Juvenile Male,* 564 U.S. 932, 937 (2011)

---

[7] Respondent contends that Mr. Sandusky has waived, or is judicially estopped from asserting, any argument that collateral consequences save his petition from dismissal on mootness grounds, based on statements Mr. Sandusky made in pleadings filed with this Court and with the Tenth Circuit Court of Appeals. (*See* Doc. No. 40, at pp. 2–3). The Court need not address Respondent's argument because Mr. Sandusky fails to demonstrate that he suffers an ongoing actual injury.

(per curiam) ("[A] favorable decision in this case might serve as a useful precedent for respondent in a hypothetical [future] lawsuit. . . . But this possible, indirect benefit in a future lawsuit cannot save this case from mootness.").

Mr. Sandusky has failed to articulate any ongoing injury relating to his claim in this § 2241 proceeding—that the BOP expended funds to incarcerate him in violation of the appropriations rider.[8] *See Holley*, 80 F. App'x at 616 (affirming dismissal of § 2241 habeas petition as moot where petitioner had been released and had not demonstrated that serious collateral consequences of his incarceration exist). Any speculation that Mr. Sandusky's supervised release will be revoked and he will be sentenced to a term of imprisonment with the BOP in the future is insufficient to demonstrate an ongoing live case or controversy.[9] *See Spencer*, 523 U.S. at 14-16; *see also Rhodes,* 676 F.3d at 935 ("A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.").

The federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer*, 523 U.S. at 7. Because the Court is unable to award

---

[8] Mr. Sandusky does not allege, nor does the record before the Court reflect, that any other exception to the mootness doctrine applies. *See Riley,* 310 F.3d 1253, 1257.

[9] If, in the future, Mr. Sandusky finds himself charged with a violation of the terms of his supervised release based on his state-compliant use of marijuana, he must challenge the DOJ's expenditure of funds in conjunction with that proceeding in the sentencing court. *See, e.g., United States v. Jackson*, 388 F. Supp.3d 505, 512–13 (E.D. Pa. June 5, 2019) (holding that the appropriations rider prohibited the DOJ from using its funds to prosecute the defendant's alleged violation of his supervised release based on state-law compliant use of marijuana).

Mr. Sandusky any effectual relief in this action, the Amended Application will be dismissed as moot.[10]

## CONCLUSION

For the reasons discussed above, it is **ORDERED** that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 7), filed *pro* se, by Aaron Sandusky, is **DISMISSED WITHOUT PREJUDICE** as moot.

DATED: May 5, 2020     BY THE COURT:

Hon. Daniel D. Domenico

---

[10] To the extent the Court is required to liberally construe Mr. Sandusky's pro se petition for a writ of habeas corpus as pleading a claim against the Probation Office, that claim would fail as a matter of law because the appropriations rider by is terms doesn't apply to the Probation Office.